UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTHONY A.,

                                        Plaintiff,

v.                                                               3:20-CV-00943 (TWD)

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.
_____

APPEARANCES:                                            OF COUNSEL:

LACHMAN & GORTON                            PETER A. GORTON, ESQ.
  *Counsel for Plaintiff*
1500 E. Main St.
P.O. Box 89
Endicott, NY 13761

U.S. SOCIAL SECURITY ADMIN.            LUIS PERE, ESQ.
  *Counsel for Defendant*
J.F.K. Federal Building, Room 625
15 New Sudbury St.
Boston, MA 02203

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## DECISION AND ORDER

      Anthony A. ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security ("Defendant" or "Commissioner"). (Dkt. No. 1.) This case has proceeded in accordance with General Order 18 of this Court which sets forth the procedures to be followed when appealing a denial of Social Security benefits. Pursuant to 28 U.S.C. § 636(c), the parties consented to the disposition of this case by a Magistrate Judge. (Dkt. Nos. 4, 7.) Both parties filed briefs and Plaintiff replied. (Dkt. Nos. 11, 14, 15, 16.) Oral argument was not heard. For the following reasons, Plaintiff's

motion for judgment on the pleadings is granted, the Commissioner's cross-motion for judgment on the pleadings is denied, and the matter is reversed and remanded for further proceedings.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiff was born in 1964 and has a high school education. (Administrative Transcript at 175, 202.[1]) He previously worked as a real estate agent. *Id*. at 202.

On February 27, 2017, Plaintiff protectively filed an application for Disability Insurance Benefits ("DIB"), claiming a disability onset date of January 1, 2013, due to anxiety, depression, and bipolar disorder. *Id*. at 175, 203, 207. His application was initially denied on May 3, 2017, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). *Id*. at 107, 134, 197. ALJ Michael J. Kopicki held a hearing on April 11, 2019, and Plaintiff testified along with a vocational expert ("VE"). *Id*. at 59-86. Plaintiff amened his alleged onset date to July 27, 2015. *Id*. at 63. On June 17, 2019, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. (T. at 14-24.) The Appeals Council denied Plaintiff's request for review on June 19, 2020, making the ALJ's decision the final decision of the Commissioner. *Id*. at 1-9, 246-47. Plaintiff now seeks this Court's review. (Dkt. No. 1.)

## II.   RELEVANT LEGAL STANDARDS

### A.    Standard of Review

In reviewing a final decision of the Commissioner, courts must first determine whether the correct legal standards were applied, and if so, whether substantial evidence supports the

---

[1] The Administrative Transcript is found at Dkt. No. 10. Citations to the Administrative Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers assigned by the Court's CM/ECF electronic filing system. Page references to other documents identified by docket number are to the original page numbers in the footers rather than the number assigned by CM/ECF. Unless noted, excerpts from the record are reproduced exactly as they appear in the original and errors in spelling, punctuation, and grammar have not been corrected.

decision. *Atwater v. Astrue*, 512 F. App'x 67, 69 (2d Cir. 2013) (citing *Tejada v. Apfel*, 167 F.3d 770, 773 (2d Cir. 1999)); *see also Brennan v. Colvin*, No. 13-CV-6338 (AJN) (RLE), 2015 WL 1402204, at *10 (S.D.N.Y. Mar. 25, 2015).[2] "Failure to apply the correct legal standards is grounds for reversal." *Pollard v. Halter*, 377 F.3d 183, 188-89 (2d Cir. 2004). Accordingly, the reviewing court may not affirm the ALJ's decision if it reasonably doubts whether the proper legal standards were applied. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987).

If the ALJ applied the correct legal standards, the reviewing court must determine whether the ALJ's decision is supported by substantial evidence. *Tejada*, 167 F.3d at 773; *Bowen*, 817 F.2d at 985. "Substantial evidence means more than a mere scintilla." *Sczepanski v. Saul*, 946 F.3d 152, 157 (2d Cir. 2020). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the ALJ's finding as to any fact is supported by substantial evidence, it is conclusive. 42 U.S.C. § 405(g); *Diaz v. Shalala*, 59 F.3d 307, 312 (2d Cir. 1995).

When inadequacies in the ALJ's decision frustrate meaningful review of the substantial evidence inquiry, remand may be appropriate. *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019); *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996). Remand may accordingly be appropriate where the ALJ has failed to develop the record, *Klemens v. Berryhill*, 703 F. App'x 35, 38 (2d Cir. 2017); *Rosa v. Callahan*, 168 F.3d 72, 82 (2d Cir. 1999), adequately appraise the weight or persuasive value of witness testimony, *Estrella*, 925 F.3d at 98); *Burgess v. Astrue*, 537 F.3d

---

[2] "Since the standards for determination of disability and for judicial review in cases under 42 U.S.C. § 423 and 42 U.S.C. § 1382c(a)(3) are identical, decisions under these sections are cited interchangeably." *Donato v. Sec'y of Dep't of Health & Hum. Servs. of U.S.*, 721 F.2d 414, 418 n.3 (2d Cir. 1983). Moreover, "[t]he regulations that govern the two programs are, for today's purposes, equivalent." *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019).

117, 130 (2d Cir. 2008), or explain his reasoning, *Klemens*, 703 F. App'x at 36-38; *Pratts*, 94 F.3d at 39.

The Social Security Administration regulations outline a five-step process to determine whether a claimant is disabled:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146 (2d Cir. 2014) (citing *Burgess*, 537 F.3d at 120); 20 C.F.R. § 404.1520(a)(4)(i)-(v). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The claimant bears the burden of proof regarding the first four steps. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (quoting *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996)). If the claimant meets his or her burden of proof, the burden shifts to the Commissioner at the fifth step to prove the claimant is capable of working. *Id*.

### B.   Standards for ALJ Evaluation of Opinion Evidence

For claims filed before March 27, 2017, "the opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (citations omitted); *see also Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (per curiam). "[W]hen a treating source's opinion contradicts other substantial

evidence in the record, such as the opinions of other medical experts, an ALJ may afford it less than controlling weight." *Samantha S. v. Comm'r of Soc. Sec.*, 385 F. Supp. 3d 174, 184 (N.D.N.Y. 2019).

If an ALJ gives a treating physician's opinion less than controlling weight, he or she must consider various factors in determining how much weight, if any, to give the opinion, including: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) what evidence supports the treating physician's report; (4) the consistency of the treating physician's opinion with the record as a whole; (5) the area of specialization of the physician in contrast to the condition being treated; and (6) any other factors which may be significant in the claimant's case. 20 C.F.R. § 404.1527(c). "[A]n ALJ need not mechanically recite these factors as long as the record reflects a proper application of the substance of the rule." *Samantha S.*, 385 F. Supp. 3d at 184; *see also David E. v. Saul*, No. 5:20-CV-466 (DJS), 2021 WL 1439668, at *4 (N.D.N.Y. Apr. 16, 2021) ("Where the ALJ's reasoning and adherence to the regulation is clear, and it is obvious that the substance of the treating physician rule was not traversed, no slavish recitation of each and every factor of 20 C.F.R. §§ 416.927 & 404.1527(c) is required.") (quotation marks and citations omitted).

"The failure to apply the appropriate legal standards for considering a treating physician's opinion constitutes a bases for reversal of an adverse determination, as is the decisionmaker's failure to provide reasons for rejecting the opinions." *Jessica W. v. Comm'r of Soc. Sec.*, No. 19-CV-01427 (DEP), 2021 WL 797069, at *9 (N.D.N.Y. Mar. 2, 2021) (citing *Bowen*, 817 F.2d at 986; *Zabala v. Astrue*, 595 F.3d 402, 409) (2d Cir. 2010)).

### III.    THE ALJ'S DECISION

In his June 17, 2019, decision, the ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. (T. at 14-24.) The ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2020. *Id*. at 17. Next, he determined Plaintiff had engaged in substantial gainful activity since the amended alleged onset date, but continued the evaluation process.[3] *Id*. He found Plaintiff has four "severe" impairments: depressive disorder; anxiety disorder; obesity; and diabetes mellitus, type II. *Id*. at 17-18. Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1. *Id*. at 18-20.

Next, the ALJ found Plaintiff has the residual functional capacity ("RFC") to perform medium work and is "limited to understanding, remembering, and carrying out simple and detailed, but not complex, instructions with no more than occasional contact with the public." *Id*. at 20. In making this determination, the ALJ assigned "little weight" to the opinion of Karen Justiniano, D.O., "substantial weight" to the opinion of state agency psychological consultant, O. Fassler, Ph.D., and "moderate weight" to the opinion of consultive examiner, Mary Ann Moore, Psy.D. *Id*. at 22. As to the weight afforded Dr. Justiniano's opinion, the ALJ explained:

> At the hearing, the claimant denied ever having seen this physician, so it is unclear what, if any, the treating relationship is between Dr. Justiniano and the claimant. Additionally, she did not provide explanations for how she formed her opinion or what objective findings support her limitations. She opined that the claimant would miss more than three days per month and be off task between 20 to 33 percent of the workday but did not offer any rationale for how that was determined. Accordingly, I give the

---

[3] The ALJ did not determine whether Plaintiff's work activity since the amended alleged onset date constitutes disqualifying substantial gainful activity because, "even assuming that [Plaintiff] had not engaged in any substantial gainful activity since his amended alleged onset date, there exists a valid basis for denying [his] application . . . ." (T. at 17.)

>>opinion little weight since it is unsupported, unpersuasive, and speculative.

(T. at 22.[4])

At step four, the ALJ determined Plaintiff is unable to perform any past relevant work. *Id*. at 23. Based upon this RFC and the VE testimony, the ALJ determined at step five there are other jobs that exist in significant numbers in the national economy that he could perform, including the representative occupations of laundry laborer, floor waxer, and meat trimmer. *Id*. at 23-24. Therefore, the ALJ concluded Plaintiff was not disabled. *Id*. at 24.

## IV.  THE PARTIES' CONTENTIONS

Plaintiff contends this matter must be remanded because (1) the ALJ and Appeals Council erred in failing to accept an opinion endorsed by his treating physician, John Welch, Jr., D.O., and violated the treating physician rule; (2) the RFC determination is not supported by substantial evidence because the ALJ failed to properly evaluate the opinion evidence and improperly substituted his lay opinion; and (3) the ALJ erred at step five by failing to show there are jobs available Plaintiff could perform in the national economy in significant numbers. (Dkt. Nos. 11, 15.) In response, the Commissioner contends: (1) the Appeals Council properly found Dr. Welch's opinion would not have changed the ALJ's decision; (2) the ALJ's RFC determination is supported by substantial evidence; and (3) the ALJ properly relied on the testimony of a vocational expert and the step five determination is supported by substantial evidence. (Dkt. No. 14.)

---

[4] During the administrative hearing, Plaintiff testified that he had been treating with Dr. Welch at "Lourdes Hospital" for approximately five years and that Dr. Welch prescribed his medications. (T. at 68-69.) However, when the ALJ asked about the medical source statement submitted by Dr. Justiniano, Plaintiff answered that he was not familiar with that name and could not recall treating with Dr. Justiniano. *Id*. at 83.

## V. DISCUSSION

While Plaintiff raises multiple arguments in this action, at the forefront is his contention that the ALJ and Appeals Council erred by refusing to accept the questionnaire endorsed by his treating physician, Dr. Welch, or provide some explanation for declining to accept the evidence. (Dkt. No. 11 at 3-8.)  Plaintiff argues the error of failing to address the admissibility of the opinion is compounded by treating source standards that require an explicit consideration of and weight assignment to opinions from a claimant's treating physician.  *See* Part II.B, *supra*.

In response, "*[f]or the sake of argument*, the Commissioner concedes that this was error—the ALJ was at least required to discuss the admissibility of the opinion with Dr. Welch's added signature." (Dkt. No. 14 at 4 (emphasis in original).)  Nevertheless, Defendant contends remand is improper "because the Appeals Council found this opinion 'does not show a reasonable probability that it would change the outcome of the decision.'"  *Id*. at 4 (quoting T. at 2).

### A. The Commissioner's Failure to Address Dr. Welch's Opinion

#### 1. The Five Day Rule

In December 2016, the Social Security Administration ("SSA") adopted the requirement that a claimant must submit or inform SSA about additional written evidence at least five business days before the date of his or her scheduled hearing.  20 C.F.R. § 404.935(a); Social Security Ruling ("SSR") 17-4p, 2017 WL 4736894, at *2 (Oct. 4, 2017).  "If a party fails to comply with this requirement to submit all written evidence at least five days before the hearing, 'the administrative law judge may decline to consider or obtain the evidence' unless" one of the exceptions in subsection (b) applies.  *Shari Lee Z. v. Saul*, No. 19-CV-0265 (GTS), 2019 WL 6840134 at *6 (N.D.N.Y. Dec. 16, 2019).  One listed exception is that "[s]ome . . . unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us

about or submitting the evidence sooner." 20 C.F.R. §§ 404.935(b)(3). This section of the regulation then provides several examples, including, but not limited to, the circumstance that the claimant "actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing." 20 C.F.R. § 404.935(b)(3)(iv). The five day rule was applicable at the time of the ALJ's June 2019 decision in this case.

### 2. Evidence Before the Appeals Council

Other amended regulations applicable to this case describe the circumstances under which the Appeals Council is required to consider new evidence submitted by a claimant following an ALJ's decision:

> The Appeals Council will review a case if . . . [s]ubject to paragraph (b) of this section, the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision.

20 C.F.R. § 404.970(a)(5). Paragraph (b) states: "[T]he Appeals Council will only consider additional evidence . . . if you show good cause for not informing us about or submitting the evidence[,]" at least five business days before the date of the claimant's scheduled hearing, for particular enumerated reasons. 20 C.F.R. § 404.970(b). The good cause exceptions are defined in the same terms as those for submission of additional evidence to an ALJ, including the example quoted above. 20 C.F.R. § 404.970(b)(3)(iv).

"'New' evidence is any evidence that has not been considered previously during the administrative process that is not cumulative." *Samantha D. v. Comm'r of Soc. Sec.*, No. 3:18-CV-1280, 2020 WL 1163890, at *4 (N.D.N.Y. Mar. 11, 2020) (citation omitted). "New evidence is 'material' if it is: '(1) relevant to the claimant's condition during the time period for

which benefits were denied and (2) probative.'" *Stratton v. Colvin*, 51 F. Supp. 3d 212, 218 (N.D.N.Y. 2014) (quoting *Pollard*, 377 F.3d at 193). "'The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently.'" *Id.* (quoting *Pollard*, 377 F.3d at 193) (alteration in original).

New and material evidence submitted to the Appeals Council following the ALJ's decision, upon a showing of good cause consistent with the amended regulations, becomes part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision. *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) (per curium). The role of the district court is to determine if the Appeals Council erred when it determined that the new evidence was insufficient to trigger review of the ALJ's decision. *Sears v. Colvin*, 8:12-CV-570 (MAD/ATB), 2013 WL 6506496, at *5 (N.D.N.Y. Dec. 12, 2013) (citing *Woodford v. Apfel*, 93 F. Supp. 2d 521, 528 (S.D.N.Y. 2000)). If the Appeals Council fails to consider new, material evidence, "the proper course for the reviewing court is to remand the case for reconsideration in light of the new evidence." *Shrack v. Astrue*, 608 F. Supp. 2d 297, 302 (D. Conn. 2009) (citation omitted).

Remand may be appropriate where the Appeals Council fails to discuss a newly submitted treating physician's opinion or "fails to provide the type of explanation required by the treating physician rule when denying Plaintiff's request for review." *See, e.g., Djuzo v. Colvin*, No. 5:13-CV-0272 (GLS/ESH), 2014 WL 5823104, at *4-5 (N.D.N.Y. Nov. 7, 2014); *Patrick M. v. Saul*, No. 3:18-CV-0290 (ATB), 2019 WL 4071780, at *7 (N.D.N.Y. Aug. 28, 2019); *Davidson v. Colvin*, No. 1:12-CV-0316 (MAD/VEB), 2013 WL 5278670, at *7-8 (N.D.N.Y. Sept. 18, 2013); *but see Jessica W.*, 2021 WL 797069, at *9 ("[W]hen the Appeals Council merely denies a request for review of a determination, it is under no obligation to explain the

weight given to a treating source opinion submitted as new evidence following an ALJ's decision.").[5]

### 3. Plaintiff's Submission of Evidence

On March 21, 2019, Plaintiff's counsel submitted a letter informing the ALJ about potential outstanding questionnaires:

> All records in this case have been submitted. We note that questionnaires have been requested at the same time the records were requested.
>
> Unfortunately, we never know whether a doctor will complete a questionnaire since some doctors will not and some medical providers direct their providers not to. However, they have been requested and if any come in prior to the hearing we will immediately send.

(T. at 243.) On April 3, 2019, prior to the April 11, 2019, administrative hearing, Plaintiff's counsel submitted a questionnaire from Dr. Justiniano dated April 3, 2019. *Id*. at 327-28. Three days before the hearing, on April 9, 2019, Plaintiff's counsel submitted third-party statements and a service dog agreement for the ALJ's consideration. *See id*. at 38-39.

On April 15, 2019, four days *after* the administrative hearing and two months *before* the ALJ's decision, Plaintiff's counsel submitted to the Office of Hearing Operations a copy of the questionnaire (2 pages) prepared by Dr. Justiniano that had been endorsed by Dr. Welch. *See id*. at 29-31. The submission was accompanied by a letter from Plaintiff's counsel explaining Dr. Justiniano's opinion had been endorsed by a treating source. *See id*. at 29.

On April 17, 2019, six days *after* the hearing and two months before the ALJ's decision, Plaintiff's counsel submitted additional medical records (5 pages) from the Lourdes Center for

---

[5] The Second Circuit has declined to address explicitly whether the treating physician rule applies to the Appeals Council's denial of review. *See Lesterhuis v. Colvin*, 805 F.3d at 87; *see also Newbury v. Astrue*, 321 F. App'x 16 (2d Cir. 2009) (summary order).

Family Health, which included an encounter note from Dr. Justiniano dated April 3, 2019. *See id*. at 32-37.

### 4. The ALJ's and Appeals Council's Treatment of Evidence

The ALJ began his unfavorable decision by discussing the evidence he would consider in this matter. (T. at 14.) He noted that on March 21, 2019, Plaintiff submitted a letter "stating that all records had been submitted except for questionnaires, which had been requested from the claimant's treatment providers." *Id*. (citing T. at 243). The ALJ discussed that a questionnaire was completed by Dr. Justiniano, which was submitted into evidence on April 3, 2019, and was admitted as Exhibit 3F. *Id*.

The ALJ's decision also acknowledged materials that had been submitted less than five business days before the hearing date. *Id*. Specifically, the ALJ declined to admit the third-party statements and the service dog agreement because these items were not timely submitted, and Plaintiff had not previously informed the ALJ about the items. *Id*. at 14-15. The ALJ's decision also discussed "additional medical records." *Id*. at 15. To that end, the ALJ explained:

> Additionally, subsequent to the hearing, on April 17, 2019, additional medical records were submitted from Lourdes Center for Family Health. I was not informed about any of this written evidence at least five business days before the date of the scheduled hearing and none of the exceptions under 20 CFR 404.935(b) have been shown to be met. Therefore, I have declined to admit this evidence.

*Id*. The ALJ's decision does not include any mention of the version of Dr. Justiniano's opinion that had been endorsed by Dr. Welch on April 15, 2019. *Id*. at 14-15. In his determination of Plaintiff's RFC, the ALJ assigned "little weight" to Dr. Justiniano's opinion because it was "unclear what, if any, the treating relationship is between Dr. Justiniano and the claimant" and because it was "unsupported, unpersuasive, and speculative." *Id*. at 22.

On July 4, 2019, Plaintiff submitted a request for review to the Appeals Council primarily arguing: (1) the ALJ erred and/or abused his discretion in refusing to admit statements from family members and a service dog agreement; (2) the "ALJ also neither accepted nor gave any reason why he did not accept the Questionnaire that was endorsed by Treating Physician John Welch, Jr. since ALJ himself said in his decision Five Day Notice was given that Questionnaires had been requested and he accepted one of them[;]" and (3) the ALJ further erred in refusing to accept the April 3, 2019, report from Lourdes . . . ." *Id*. at 246-47.  The letter indicates that both the "Questionnaire from Dr. John Welch, Jr. and Lourdes Medical Records" were submitted as attachments to the Appeals Council.  *Id*. at 247.

On June 19, 2020, the Appeals Council denied Plaintiff's request for review.  *Id*. at 1-4.  Under "Additional Evidence," the notice of denial states: "You submitted *records* from John C. Welch, DO dated April 15, 2019 (5 pages).  We find this evidence does not show a reasonable probability that it would change the outcome of the decision.  We did not exhibit this evidence."  *Id*. at 2 (emphasis added).

     **5.**    **The Court's Analysis**

Here, the treating physician medical source statement from Dr. Welch, dated April 15, 2019, was not mentioned and apparently was not considered by the ALJ or the Appeals Counsel even though it was received by the SSA two months before the ALJ filed his decision and more than one year before the Appeals Council denied review.[6]  While Dr. Welch's statement was submitted after the deadline imposed by the applicable regulations, neither the ALJ nor the

---

[6] The Court's review indicates that while the ALJ and Appeals Council considered Dr. Welch's *records*, it remains unclear whether Dr. Welch's *opinion* endorsing Dr. Justiniano's opinion was ever properly considered by the ALJ or the Appeals Council.  (*See* T. at 2 (Appeals Council referring to the "5 pages" of *records* from Dr. Welch) (emphasis added), T. at 14-15 (ALJ referring to "additional medical *records* from Lourdes Center for Family Health) (emphasis added).)

Appeals Council addressed whether Plaintiff had good cause for the tardy submission.  In fact, there is no mention of Dr. Welch's opinion whatsoever.  Because Dr. Welch's opinion was not addressed or exhibited by either the ALJ or the Appeals Council, it remains unclear if Dr. Welch's opinion, endorsing Dr. Justiniano's opinion, was ever properly considered by the Agency.  (*See* T. 1-6, 28-30.)  The Court concludes the Commissioner's failure to address, in any fashion, Dr. Welch's opinion endorsing Dr. Justiniano's opinion was error which requires remand.  *See, e.g.*, *Jonathan V. v. Comm'r of Soc. Sec.*, 6:18-CV-1350 (TWD), 2020 WL 1270655, at *4-5 (N.D.N.Y. Mar. 17, 2020) (remanding because the ALJ did not consider additional records and did not "address any violations of the five-day rule or applicable exceptions" concerning them).

Accordingly, the Court agrees with Plaintiff that "[t]his matter should be remanded for an assessment whether to accept Dr. Welch's opinion under 20 C.F.R. § 404.935(b)(3)(iv) and, if so, applying the regulatory factors at 20 C.F.R. § 404.1527(c)."  (Dkt. No. 11 at 3-5.)

To be sure, it is possible the ALJ will determine that Dr. Welch's opinion was not properly obtained and/or will not change the ultimate determination that Plaintiff is not disabled. However, it is not the function of the federal district court to determine whether the evidence was properly received or considered, *see Jonathan V.*, 2020 WL 1270655, at *5, nor is it the function of the Court to review and weigh evidence in the record, *see Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998).  *See Cichocki v. Astrue*, 729 F.3d 172, 177 (2d. Cir. 2013) ("Remand may be appropriate . . . where [] inadequacies in the ALJ's analysis frustrate meaningful review.") (citations omitted); *Wilson v. Comm'r of Soc. Sec.*, No. 1:16-cv-77, 2017 WL 1194229, at *4 (N.D.N.Y. Mar. 30, 2019) ("[T]his Court may not 'create post-hoc rationalization to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself.") (quotation marks omitted); *see also Melissa*

14

*P. v. Comm'r of Soc. Sec.*, No. 5:20-CV-1007 (TJM), 2022 WL 669325, at *9 (N.D.N.Y. Mar. 7, 2022) ("An ALJ's failure to acknowledge relevant evidence or to explain its implicit rejection is plain error.") (quotation marks omitted).

Moreover, the Court agrees with Plaintiff that this error cannot be deemed harmless because, if accepted under 20 C.F.R. § 404.935(b)(3)(iv), Dr. Welch's opinion is subject to the treating physician rule. 20 C.F.R. § 404.1527(c). Under that rule, as an opinion from Plaintiff's treating physician, Dr. Welch's opinion would ordinarily have been entitled to considerable deference, provided that it was supported by medically acceptable clinical and laboratory diagnostic techniques and was not inconsistent with other substantial evidence. *Burgess*, 537 F.3d at 128. Thus, for example, if credited, Dr. Welch assessed limitations to work pace and attendance that, in accordance with the VE testimony, would preclude Plaintiff from performing any of the jobs identified at step five. (T. at 83-84.[7]) *See Bowen*, 817 F.2d at 986 ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles.").

Therefore, this matter is remanded so the Commissioner can clarify consideration of Dr. Welch's opinion, dated April 15, 2019. (T. at 29-31.)

    **B.**    **Plaintiff's Remaining Contentions**

Because remand is required, the Court declines to reach findings on issues related to the RFC and step five determinations. *See, e.g.*, *Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016

---

[7] Drs. Welch and Justiniano opined Plaintiff would miss more than three days per month and be off task between 20 to 33 percent of the workday. (T. at 29-30, 327, 28.) As noted, the ALJ assigned "little weight" to Dr. Justiniano's opinion because, in part, "it is unclear what, if any, the treating relationship is between Dr. Justiniano and the claimant." *Id*. at 22.

WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach remaining arguments where the court had already determined remand was warranted); *Hamilton v. Astrue*, No. 5:11–cv–954 (GLS), 2012 WL 5303338, at *3 (N.D.N.Y. Oct. 25, 2012) ("Because [plaintiff's] remaining arguments are contingent upon the ALJ's resolution of the foregoing issue on remand, the court need not address them."); *Morales v. Colvin*, No. No. 13-CV-06844, 2015 WL 13774790, at *23 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *report-recommendation adopted by* 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that the decision of the Commissioner is **REVERSED** and this case **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), for a proper explanation of the consideration of the evidence and any other further proceedings, consistent with this Decision and Order.

Dated: March 17, 2022
       Syracuse, New York

_____
Thérèse Wiley Dancks
United States Magistrate Judge